IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WYSHAWN RAYMONT GADDY, 1086322,    ) | |
| Petitioner,                                                   ) | |
| )                                                                       | |
| v.                                                                   ) | No. 3:10-CV-1173-N |
| )                                                                       | |
| RICK THALER, Director, Texas                     ) | |
| Dept. Of Criminal Justice, Correctional       ) | |
| Institutions Division,                                    ) | |
| Respondent.                                             ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

**I.    NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Rick Thaler is Director of the TDCJ-CID.

**II.    PROCEDURAL BACKGROUND**

Petitioner does not challenge the validity of his underlying conviction and sentence. Instead, he challenges a prison disciplinary violation, number 201001255548, which he received at the Stringfellow Unit of the TDCJ.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

Petitioner was found guilty of having contraband. Punishment was assessed at forty-five days loss of commissary privileges, forty-five days loss of recreation and 60 days loss of good-time credits. Petitioner states he was also placed in administrative segregation. Petitioner did not file a grievance challenging his disciplinary case.

### III. DISCUSSION

A state prisoner must generally exhaust all available state remedies before proceeding in federal court. 28 U.S.C. § 2254(b) & (c). Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceeding before filing suit in federal court. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). Texas prisoners, however, must first exhaust the prison grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). TDCJ uses a two-step grievance process, and a prisoner must present his claims in both steps to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Any claim that is not exhausted is procedurally barred from federal habeas review.

In this case, Petitioner failed to challenge his disciplinary proceeding by filing a prison grievance. His claims are therefore procedurally barred.

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id.* at 524.

In this case, Petitioner has stated no cause for the procedural default. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at the disciplinary hearing to show he was not guilt of the disciplinary charges. *Id.* Petitioner has presented no new, reliable evidence showing that he was not guilty of the disciplinary charges. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 11 day of September, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**